OPINION
{¶ 1} Defendant-appellant, Westfield Insurance Company ("Westfield"), appeals from a Columbiana County Common Pleas Court decision declaring that Westfield has the primary obligation to pay underinsured motorist coverage (UIM) to plaintiffs-appellees, Barbara and James Hayes.
 {¶ 2} On or about August 7, 1997, Barbara Hayes was operating a motor vehicle owned by her husband, James Hayes, when she was involved in an accident with a vehicle driven by defendant, Michael White. Barbara was not within the scope of her employment when the accident occurred. At the time, Westfield insured the Hayeses under a personal liability insurance policy. The Hayeses filed this lawsuit against White and Westfield on July 6, 1998. On June 2, 2000, they amended their complaint adding defendant-cross-appellant, Monroe Guaranty Insurance Company ("Monroe"), and defendant-appellee, Indiana Insurance Company ("Indiana"). Monroe issued a commercial liability insurance policy to Barbara's employer, Calcutta Nursing Home "(Calcutta"). Indiana issued a commercial liability insurance policy and an umbrella policy to James's employer, Buckman Chevrolet-Buick Geo, Inc. ("Buckman"). The Hayeses also added Calcutta and Buckman as defendants but later dismissed them.
 {¶ 3} The accident was a result of White's negligence. White settled with the Hayeses for his policy limits of $100,000. The court entered a dismissal for White on April 6, 2000. White is not a party to this appeal.
 {¶ 4} The Hayeses proceeded with their claim for UIM coverage against the other insurers. All of the insurers filed motions for summary judgment/declaratory judgment requesting the court to declare their respective obligations to provide UIM coverage to the Hayeses. In its October 26, 2000 judgment entry, the trial court determined that each of the three insurers owed an obligation of UIM coverage to the Hayeses. It further determined that Westfield's obligation was primary while Monroe's and Indiana's obligations were secondary. The court concluded that Westfield was liable for damages up to its policy limits of $300,000, less the $100,000 already paid by White's insurance company.
 {¶ 5} On March 7, 2001, the Hayeses filed a motion to enforce settlement. In the motion, they alleged Westfield had made an offer to pay $100,000 to settle the case and they had accepted.
 {¶ 6} On March 23, 2001, the trial court filed a judgment entry on the Hayeses' motion. It stated that the parties had signed an agreed judgment entry that determined that the Hayeses were entitled to $100,000 in addition to the amount already paid by White. The court made this agreed judgment entry a part of its decision. The court noted in the decision that Monroe had failed to sign the agreed entry. Nonetheless, the court signed the entry and dismissed the case from its docket.
 {¶ 7} Westfield filed a notice of appeal from the March 23, 2001 judgment entry. This court dismissed that appeal for lack of a final appealable order. We concluded that the October 26, 2000 agreed judgment entry left the issue of damages unresolved. We further concluded that the March 23, 2001 judgment entry left the issue of damages unresolved with respect to Monroe, because Monroe did not join in the agreed entry.
 {¶ 8} The trial court's decision became final and appealable on June 3, 2002, when the court entered a stipulated and agreed judgment entry resolving all remaining issues in the case. The court awarded the Hayeses $100,000 in damages. It ordered that Westfield was to pay the entire sum since it was the primary insurance provider as determined in the October 26, 2000 judgment entry. Westfield filed its timely notice of appeal on June 24, 2002. Monroe filed a notice of cross-appeal on July 1, 2002.
{¶ 9} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. AmericanIndus. Resources Corp. (1998), 128 Ohio App.3d 546, 552. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming (1994),68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc.,Inc. (1995), 104 Ohio App.3d 598, 603, citing Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 247-248.
{¶ 10} Westfield states two propositions in place of assignments of error, which state:
{¶ 11} "Plaintiffs are entitled to underinsured motorist coverage under the policies of insurance issued by westfield, monroe and indiana."
{¶ 12} "The obligations of westfield, monroe, and indiana shall be pro rata based upon the clear and unambiguous language stated in the other insurance clauses in those policies."
{¶ 13} On November 5, 2003, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. Shortly thereafter, Indiana and Monroe filed motions to dismiss this appeal based on Galatis. Westfield filed a response to these motions on December 5, 2003, requesting that this court withhold any decision in this case because a motion for reconsideration had been filed in Galatis.
{¶ 14} On December 18, 2003, this court filed a journal entry informing the parties that although they had requested oral argument, those requests preceded Galatis. We noted thatGalatis was potentially fully determinative of the merits. We informed the parties that unless one of them specifically filed a request for oral argument within ten days, this matter would be submitted for decision based on the briefs, citations to supplemental authority, and the record on appeal. None of the parties filed a request for oral argument. Thus, the matter was submitted for decision.
{¶ 15} On December 24, 2003, the Ohio Supreme Court denied the motion for reconsideration in Galatis. Westfield Ins. Co. v.Galatis, 12/24/2003 Case Announcements, 2003-Ohio-6879.
{¶ 16} Per Galatis, UM/UIM coverage does not extend to Barbara from her employer's policy ("Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.) or from her husband's employer's policy ("Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at paragraph three of the syllabus). Since coverage does not exist for Barbara through Monroe or Indiana, we cannot find that they must share in the payment of the Hayeses' judgment on a pro rata basis with Westfield. Accordingly, Westfield's propositions are without merit.
{¶ 17} For the reasons stated above, the trial court's decision is hereby affirmed.
Waite, P.J., and DeGenaro, J., concur.